IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.            CRIMINAL ACTION NO. 5:06-cr-00064

PATRICIA LEE MCMILLION,

    Defendant.

**MEMORANDUM OPINION**

  Before the Court is the Government's Motion to Reduce Defendant's Sentence pursuant to Fed. R. Crim. P. 35 [Docket 33]. A hearing was held on the motion on April 2, 2007. For the reasons stated herein, the motion is **GRANTED**.

*I. BACKGROUND*

*A. Facts*

  On April 4, 2006, Defendant Patricia McMillion was charged in a single-count information with distributing oxycodone, in violation of 21 U.S.C. § 841(a)(1). Defendant plead guilty to the charges contained in the information on May 8, 2006. Defendant was thereafter sentenced by this Court to sixty months of imprisonment on August 30, 2006.

  On February 27, 2007, the Government filed a timely motion to reduce Defendant's sentence pursuant to Fed. R. Crim. P. 35.[1] In support of its motion, the Government proffered evidence of Defendant's substantial assistance. Specifically, the Government stated that Defendant gave the

---

[1] The motion was filed within one year of sentencing in compliance with Fed. R. Crim. P. 35(b)(1).

Government the names of her oxycodone suppliers. That information led to the prosecution of two individuals. The Court **FINDS** Defendant's assistance to be substantial.

Additionally, after Defendant's arrest, her daughter, whose name was not disclosed to the Court, agreed to work with the Government as a confidential informant in order to help Defendant obtain a substantial assistance reduction. Defendant's daughter purchased oxycodone from dealers whose names were given to her by Defendant, and from dealers who she discovered independently. Further, and significantly, Defendant's daughter made thirty-two controlled buys from twelve individuals in the course of the assistance she provided, which has led to the prosecution of over a dozen individuals. The Court **FINDS** the Defendant's daughter's efforts to be very substantial.

*B. Law*

The issue before the Court is whether a defendant may receive substantial assistance credit for the acts of another under Rule 35 of the Federal Rules of Criminal Procedure. That rule provides, in relevant part, that:

> Upon the government's motion made within one year of sentencing, the court may reduce a sentence if: (A) <u>the defendant</u>, after sentencing, provided substantial assistance in investigating or prosecuting another person; and (B) reducing the sentence accords with the Sentencing Commission's guidelines and policy statements.

Fed. R. Crim. P. 35(b)(1) (emphasis added).  Both parties suggest that Rule 35 permits the Court to consider assistance to the Government provided by a third party in deciding whether to grant a substantial assistance reduction.

The issue of third party substantial assistance was first addressed in *United States v. Doe*, 870 F. Supp. 702 (E.D. Va. 1994).[2] In that case, the court granted the Government's Rule 35(b) motion for reduction in the defendant's sentence based, in large part, on assistance rendered by the defendant's son in the prosecution of a heroin distributor. The *Doe* court reasoned that the purpose of Rule 35(b) and U.S.S.G. § 5K1.1, namely, to "achieve greater prosecutorial success," is furthered "whenever the government receives substantial assistance on behalf of a defendant, regardless of whether the defendant alone provides the assistance." *Id.* at 707. The *Doe* court thus concluded that third party substantial assistance should inure to the benefit of a defendant, provided that "the defendant plays some role in instigating, requesting, providing, or directing the assistance; (2) the Government would not have received the assistance but for the defendant's participation; (3) the assistance is rendered gratuitously; and (4) the court finds that no other circumstances weigh against rewarding the assistance." *Id.* at 708.

This District addressed the issue of third party substantial assistance in *United States v. Abercrombie*, 59 F. Supp. 2d 585 (S.D.W. Va. 1999) (Goodwin, J.). In that case, the defendant was arrested and charged with possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). The defendant agreed to cooperate with the Government in order to obtain a substantial assistance reduction, but he was not able to provide sufficient information or execute controlled buys. Instead, the defendant asked his girlfriend to cooperate with the Government for his benefit. The defendant's girlfriend made controlled buys, which led to arrests and drug seizures. At the

---

[2] To date, the issue of third party substantial assistance has not been addressed by any Court of Appeals.

defendant's sentencing, the Government, pursuant to U.S.S.G. § 5K1.1, moved for a downward departure from the Guidelines based <u>only</u> on the defendant's girlfriend's substantial assistance.

Citing *Doe*, the *Abercrombie* court held that third party substantial assistance is properly considered in evaluating a motion to reduce sentence. Unlike *Doe*, however, the Court held that pre-sentencing motions for substantial assistance should not be considered under U.S.S.G. § 5K1.1. Rather, the Court held that third party substantial assistance should be considered according to 18 U.S.C. § 3553(b)(1), which allowed for departures from the Guidelines based on mitigating circumstances "not adequately taken into consideration by the Sentencing Commission[.]"[3] The *Abercrombie* court then set out its own four-part test for the consideration of such motions:

> [1] the court must consider whether the assistance rendered by the third party - had the third party been a defendant - was sufficient to justify a downward departure pursuant to U.S.S.G. § 5K1.1. In considering this element, the court is to weigh heavily the Government's evaluation of the usefulness of the assistance rendered[;]
>
> [2] the court must consider whether the assistance provided by the third party could have been received absent the Government's ability to offer a motion for departure as an incentive. The court is to weigh heavily the Government's evaluation of the evidence with respect to this element as well[;]
>
> [3] the court must consider whether the assistance was rendered gratuitously[; and]
>
> [4] the court must consider whether any other circumstances weigh against rewarding the assistance.

The Court ultimately found that a departure from the Guidelines was not warranted because the defendant <u>himself</u> had not provided substantial assistance to the Government.

---

[3] The analysis in the *Abercrombie* opinion, at footnote four, of third party substantial assistance in the Rule 35 context is dictum because "it was not essential to [the Court's] disposition of any of the issues" in that case. *Cent. Green Co. v. United States*, 531 U.S. 425, 430 (2001).

While the *Abercrombie* decision is instructive, its significance is lessened for two reasons. First, *Abercrombie* is factually distinguishable from the instant case. In *Abercrombie*, the defendant's girlfriend assisted the Government, but the defendant himself provided no meaningful assistance. Here, Defendant herself provided substantial assistance to the Government by providing the names of oxycodone suppliers. Second, the lasting impact of *Abercrombie* appears to have been altered by the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which declared 18 U.S.C. § 3553(b)(1) unconstitutional and severed it from the Code.

The Court also notes that the issue of third party substantial assistance has been considered by four other district courts. In *United States v. Bush*, 896 F. Supp. 2d 424 (E.D. Pa. 1995), the court, applying the *Doe* factors, denied the Government's Rule 35(b) motion when the defendant's paramour provided substantial assistance for the defendant's benefit, as well as his own, but the defendant took no actions to facilitate the paramour's assistance.

In *United States v. Scott*, No. 98-179(3) ADM/AJB, 2005 U.S. Dist. LEXIS 5287 (D. Minn. Mar. 31, 2005), the court held that Rule 35(b) motions should not be granted on the basis of third party substantial assistance because that rule "clearly contemplates information provided *by the Defendant*." The *Scott* court also discussed the negative policy implications of allowing Rule 35(b) reductions based on third party substantial assistance.

Most recently, two cases, decided five days apart, addressed third party substantial assistance. In *United States v. Clark*, No. 5:99-cr-10-Oc-10GRJ, 2006 U.S. Dist. LEXIS 50243 (M.D. Fla. July 20, 2006), the Government filed a Rule 35(b) motion based on the defendant's spouse's cocaine purchases made during meetings arranged by the defendant, which led to numerous arrests. The *Clark* court denied the motion, finding that the defendant's assistance was not substantial in its own

right, as required by Rule 35(b). The court in *United States v. Prokos*, 441 F. Supp. 2d 887 (N.D. Ill. 2006), analyzed the availability of third party substantial assistance reductions, as bargained for in plea agreements, under contract law.[4]

## II. DISCUSSION

In this case, Defendant substantially assisted the Government by providing the names of oxycodone suppliers. The parties seek a reduction in sentence based on this assistance.

Additionally, Defendant's daughter substantially assisted the Government by making many controlled buys from oxycodone dealers. The daughter's buys were made solely to benefit her mother in receiving a substantial assistance reduction. There is no evidence that Defendant's daughter was in any trouble herself, received anything for herself for providing assistance, or was motivated by anything other than a desire to help her mother. The parties seek an additional reduction in Defendant's sentence based on her daughter's independent efforts.

This Court agrees with the *Doe* court that Fed. R. Crim. P. 35 permits the consideration of third party substantial assistance, subject to certain limitations. Most importantly, the parties must demonstrate the that <u>the defendant</u>, in his or her own right, provided substantial assistance to the Government before this Court will consider assistance provided by a third party. Once this threshold showing has been made, the defendant has "opened the door" to benefit from assistance provided by a third party.

In considering third party assistance, the Government must demonstrate that the defendant "play[ed] some role in instigating, requesting or directing the [third party] assistance" and the third

---

[4] In *Prokos*, the court accepted a proposed plea agreement, in which the parties agreed that the defendant's maximum period of imprisonment would be reduced in exchange for her fiance providing assistance to the Government.

party "assistance [was] provided gratuitously and from a non-remunerative desire to help the defendant." *Doe*, 870 F. Supp. at 707-08. The typical scenario for such assistance is a close friend or relative who "works with and on behalf of the defendant[.]" *Doe* at 708 n.12.

This Court is aware that the requirement that defendant's own assistance be substantial, before that of third parties is even considered, may eliminate some defendants from consideration for sentence reductions. However, a defendant who personally provides substantial assistance has made a clear and demonstrable commitment that is not going to be nearly as evident, and indeed may be absent, when personal assistance does not occur. Further, although ultimately for the court to evaluate and decide, it is the United States Attorney who will, as an initial matter, determine whether assistance is sufficiently, minimally substantial, and thereby justifies a motion. Finally, this requirement is consistent with the result in *Abercrombie*.

Thus, this Court **HOLDS** that, in evaluating a Rule 35 motion by the Government which seeks a reduction in sentence based on assistance provided by a third party, the Court must consider:

(1) Whether the defendant provided substantial assistance to the Government apart from the efforts of any third party. If the defendant, in his or her own right, did not provide substantial assistance to the Government, the inquiry ends.

(2) Whether the defendant played some role in instigating, requesting, providing, or directing the third party assistance.

(3) Whether the assistance rendered by the third party is sufficient to justify a sentence reduction. In considering this element, the Court is to weigh heavily the Government's evaluation of the usefulness of the assistance rendered.

(4) Whether the assistance provided by the third party could have been received absent the Government's ability to offer a motion for sentence reduction as an incentive. The Court is to weigh heavily the Government's evaluation of the evidence with respect to this element as well.

(5) Whether the assistance was rendered gratuitously.

(6) Finally, whether any other circumstances weigh against rewarding the assistance.

In this case, Defendant substantially assisted the Government in her own right by providing the names of her oxycodone suppliers. Second, with regard to her daughter's assistance, Defendant helped instigate the assistance by giving her names of oxycodone suppliers from which she could make controlled buys. Third, Defendant's daughter's assistance was substantial as it led to the prosecution of oxycodone dealers. Fourth, Defendant's daughter would not have worked with the Government had her mother not been arrested. Fifth, Defendant's daughter volunteered to work with the Government for no reason other than to provide assistance to the Government for Defendant's benefit. And sixth, the record does not indicate circumstances weighing against a substantial assistance reduction.

## III. CONCLUSION

For these reasons, the Government's Motion to Reduce Defendant's Sentence pursuant to Fed. R. Crim. P. 35 [Docket 33] is **GRANTED**. Defendant's sentence is, therefore, reduced from sixty months of incarceration to thirty months. An Amended Judgment Order will be entered this day incorporating the rulings above. The Clerk is directed to post this published Memorandum Opinion at http://www.wvsd.uscourts.gov.

ENTER: July 25, 2007

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE